LAW OFFICES OF DAVID P. GARDNER
David P. Gardner, Esq. (SBN 123787)
755 Baywood Drive, 2nd Floor
Petaluma, CA 94954
Telephone: (707) 774-3085
Facsimile: (707) 665-5291

Attorney for Debtors/Plaintiffs

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re<br>GARRET ALLAN MOORE<br>SUSAN MARIE MOORE,<br><br>          Debtors.<br>_____ | Chapter 13 Case No. 11–13325 |
| GARRET ALLAN MOORE<br>SUSAN MARIE MOORE,<br><br>          Plaintiffs,<br><br>vs.<br><br>AMERICAN EDUCATIONAL SERVICES,<br><br>          Defendant.<br>_____ | Adversary Proceeding No. 13– _____<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS AS MEDICAL LOANS AND NOT STUDENT LOANS** |

      Plaintiffs Garret Allan Moore and Susan Marie Moore ("Plaintiffs"), allege as follows:

## JURISDICTION & VENUE

    1.    This adversary proceeding is one arising in the Chapter 13 case of Plaintiffs, Case Number 11–13325, now pending in this Court. This Court has jurisdiction pursuant to 28 U.S.C. § 151, 157, 1334.

    2.    This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(B)(2)(F), is brought under 11 U.S.C. §§523(a)(8)(A)(I), 523(a)(8)(A)(ii), 523(a)(8)(B) & FRBP Rule 7001(2).

    3.    Venue is proper under 28 U.S.C. §1409(a).

**1**

## GENERAL ALLEGATIONS

4. On August 31, 2011, Plaintiffs filed a Voluntary Petition for relief under Chapter 13. David Burchard is the duly appointed and acting Trustee.

5. Plaintiffs are informed and believe and thereon allege that defendant American Educational Services ("Defendant AES") is a business entity with a principal place of business outside of California, conducting business as a lender in the State of California.

## FIRST CLAIM FOR RELIEF
[11 U.S.C. §523(a)(8)(A)(I), 11 U.S.C. §523(a)(8)(A)(ii), 11 U.S.C. §523(a)(8)(B)]

6. Plaintiffs reallege and incorporate by reference each and every allegation in paragraphs 1 through 5 as if fully set forth herein.

7. In or about 2003 Plaintiffs entered into loan agreements with defendant AES and/or defendant AES's predecessor in interest, pursuant to which defendant AES loaned Plaintiffs $48,866.51 for the purpose of paying for their son's residential medical treatment and drug rehabilitation program (the "AES Loans").

8. When Plaintiffs inquired about obtaining the AES Loans, Plainttiffs were told that the Loans were medical loans, not student loans, and that the Loans were tax-deductible as a medical expense.

9. The AES Loans were for the purpose of the medical care of the Debtors' dependent son and were tax-deductible as such pursuant to IRC section 213(a). Plaintiffs in fact took a medical expense deduction from their taxes for the AES Loans.

10. Plaintiffs attempted to consolidate the AES loans, but were declined because the loans were private money loans and not federally guaranteed.

11. The AES Loans from defendant AES to Plaintiffs were not non-dischargeable student loans within the meaning of:

    a. 11 U.S.C. sec. 523(a)(8)(A)(i), in that the Loans are not insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution;

    b. 11 U.S.C. sec. 523 (a)(8)(A)(ii), in that the Loans are not an obligation to

2

repay funds received as an educational benefit, scholarship or stipend;

    c.      11 U.S.C. sec. 523(a)(8)(B), in that the Loans are not "qualified education loans" within the meaning of the Internal Revenue Code 28 USC sec. 221(d)(1).

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SECOND CLAIM FOR RELIEF
Fraudulent Inducement

12. Plaintiffs reallege and incorporate by reference paragraphs 1 through 11 set forth above.

13. Defendant deliberately misrepresented that the AES Loans were medical loans and not student loans.

14. Plaintiffs relied to their detriment on the misrepresentations of material facts by defendant AES. But for said misrepresentations, Plaintiffs would not have entered into the AES Loans.

WHEREFORE, Plaintiffs pray the Court enter judgment finding and declaring that:

1. The AES Loans are medical debts and not non-dischargeable student loans within the meaning of 11 U.S.C. §523(a)(8)(A)(I), 11 U.S.C. §523(a)(8)(A)(ii), or 11 U.S.C. §523(a)(8)(B);

2. The AES Loans are dischargeable as unsecured, non-priority debt medical debts;

3. Any balance remaining on the AES Loans shall be discharged upon Plaintiffs' completion of their Chapter 13 Plan and entry of the discharge order;

4. Any timely-filed proof of claim of Defendant AES be treated as a general unsecured non-priority claim under the Plan, and any objections by Plaintiff to such a claim will be heard as a contested matter;

5. Awarding Plaintiffs their costs of suit; and

6. Granting Plaintiffs such other relief as is just and proper.

Dated: December 25, 2013          /s/ *David P. Gardner*
                                                 David P. Gardner, Esq.
                                                 Attorney for Debtors/Plaintiffs