Jonathan R. Doolittle (SBN 7715)
Email: jdoolittle@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorney for Defendants
American Educational Services
and Bank of America, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>GARRET ALLAN MOORE<br>SUSAN MARIE MOORE,<br><br>    Debtors. | Chapter 13 Case No. 11-13325 |
| GARRET ALLAN MOORE<br>SUSAN MARIE MOORE,<br><br>    Plaintiffs,<br><br>vs.<br><br>AMERICAN EDUCATIONAL SERVICES and<br>BANK OF AMERICA, N.A.<br><br>    Defendants. | Adversary Proceeding No. 13-01175<br><br>**RESPONSE TO COMPLAINT** |

## **JURISDICTION & VENUE**

1. Answering Paragraph 1 of the Complaint, Bank of America, N.A. ("BOA" or "Defendant") admits that the adversary proceeding arises in the Plaintiffs' Chapter 13 case and that this Court has jurisdiction.

2.      Answering Paragraph 2 of the Complaint, BOA is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

3.      Answering Paragraph 3 of the Complaint, BOA admits the allegations of this paragraph.

## GENERAL ALLEGATIONS

4.      Answering Paragraph 4 of the Complaint, BOA admits the allegations of this paragraph.

5.      Answering Paragraph 5 of the Complaint, BOA is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

6.      Answering Paragraph 6 of the Complaint, BOA admits only that BOA is a national association with a principal place of business outside the state of California, conducting business in California.   BOA denies the remaining allegations of this paragraph 6.

## FIRST CLAIM FOR RELIEF

**7.**      Answering Paragraph 7 of the Complaint, BOA incorporates by reference its responses to paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8.      Answering Paragraph 8 of the Complaint, BOA admits only that Plaintiffs entered into a loan agreement with BOA's predecessor in interest in the original amount of $48,866.51. BOA denies the remaining allegations of this paragraph 8.

9. Answering Paragraph 9 of the Complaint, BOA denies the allegations of this paragraph 9.

10. Answering Paragraph 10 of the Complaint, BOA is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

11. Answering Paragraph 11 of the Complaint, BOA is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

12. Answering Paragraph 12 of the Complaint, BOA states that these allegations consist of legal conclusions to which no response is required.

## **SECOND CLAIM FOR RELIEF**

13. Answering Paragraph 13 of the Complaint, BOA incorporates by reference its responses to paragraphs 1 through 12 of the Complaint as though fully set forth herein.

14. Answering Paragraph 14 of the Complaint, BOA denies these allegations.

15. Answering Paragraph 15 of the Complaint, denies these allegations.

16. Answering Paragraph 16 of the Complaint, BOA denies these allegations.

/ / / /

/ / / /

/ / / /

/ / / /

## THIRD CLAIM FOR RELIEF

17. Answering Paragraph 17 of the Complaint, BOA incorporates by reference its responses to paragraphs 1 through 16 of the Complaint as though fully set forth herein.

18. Answering Paragraph 18 of the Complaint, denies these allegations.

19. Answering Paragraph 19 of the Complaint, denies these allegations.

20. Answering Paragraph 20 of the Complaint, denies these allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs' claims fail to allege facts sufficient to state any cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. All of the causes of action alleged in the Complaint are barred by the doctrines of estoppel, waiver, unclean hands and/or other equitable doctrines.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' claims are barred in whole or in part because Plaintiffs ratified, consented to or acquiesced in all of the alleged acts or omissions of which they complain.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiffs fail to show that any alleged acts or omissions of Defendant caused the damages, injuries, or losses claimed.

**FIFTH AFFIRMATIVE DEFENSE**

5. Any damages purportedly suffered by Plaintiffs resulted from Plaintiffs' own negligence, acts or conduct.

**SIXTH AFFIRMATIVE DEFENSE**

6. If Plaintiffs suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiffs or of third parties, and not BOA.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiffs did not incur any damages, injury, or loss as a result of any act or conduct by Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Defendant specifically denies that it acted with any intent or knowledge to cause any injury or loss to Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiffs have waived any and all claims, rights and demands made in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

10. Defendant met or exceeded the requirements of all applicable statutes, laws, regulations, and standards applicable to Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

11. The Complaint and each purported claim for relief therein fail to state facts sufficient to entitle Plaintiffs to an award of attorneys' fees.

## TWELFTH AFFIRMATIVE DEFENSE

12. Defendant specifically gives notice that it intends to rely upon other such defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserve the right to amend their Answer and assert such defenses.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Based on the best information available to Defendant at this time, Defendant conveyed any interest it had in the loan in dispute in this matter, is no longer the true party in interest, and should be dismissed from this adversary proceeding.

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;

2. For its costs of suit herein;

3. For attorney's fees according to proof; and

4. For such other and further relief as this Court may deem just and proper.

DATED: April 30, 2014

                REED SMITH LLP

                By: /s/ *Jonathan R. Doolittle*
                    Jonathan R. Doolittle
                    Attorneys for Defendant
                    Bank of America, N.A.